## In re HYMAN.

### (District Court, S. D. New York. October 17, 1899.)

1. BANKRUPTCY—RIGHT TO DISCHARGE—MISCONDUCT OF AGENT.

Where a business belonging to a married woman is conducted wholly by her husband, to whom she confides its entire management, and he, without her knowledge or privity, fails to keep true books of account, and conceals property, with the design of deceiving and defrauding creditors, and the wife becomes bankrupt, she is not to be deprived of her right to a discharge by reason of the husband's misconduct, being herself guiltless of any actual fraudulent intent, and her negligence in relation to the business not being equivalent to fraud, for the purposes of a penal statute.

2. SAME—CONDITIONS UPON GRANTING DISCHARGE.

Where the bankrupt is a married woman, whose husband has had the entire conduct and management of her business, wherein, as found by the referee, he has concealed valuable property belonging to the estate, the bankrupt's discharge may be made conditional upon her using all reasonable means within her power to discover to the bankruptcy court the assets so concealed.

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

Epstein Bros. and Mr. Kneeland, for bankrupt.
Blumenstiel & Hirsch, for creditors.

THOMAS, District Judge. The discharge of the bankrupt is opposed upon the grounds: (1) That the debtor, in contemplation of bankruptcy, failed to keep true books of account; (2) that the debtor has property which she has concealed from her trustee, to wit, assets of upwards of $15,000. The business of the bankrupt was conducted

entirely by her husband, and he either did or omitted whatever are now. charged as faults against the bankrupt, but it does not appear that the bankrupt personally was involved in her husband's derelictions. The referee reports as follows:

"The bankrupt in fact kept no books of account, unless through her agent. She did not make any entries, or omit any, except through him. She did not contemplate bankruptcy when the entries were made. She knew nothing about the business, or whether it was prosperous or bankrupt, and took no pains to inquire. But the business was bankrupt at the time the false books were kept. Her agent and manager knew, or must be held to have known, it, and to have omitted the entries of his gambling account for the purpose of deceiving the creditors."

The learned referee, regarding the first specification, states:

"If the bankrupt saw fit to keep herself in ignorance of the condition of her business, and of the manner of keeping books, she should suffer the consequences. The business was hers, and the books were hers, and it was a duty which she owed to creditors to see that the books were properly kept, so that intending creditors might not be deceived; and for a failure to do this she should be held to the penalties prescribed by the act, and should not be discharged."

As to the second claim, the referee concludes:

"That the assets, to a large amount, have been concealed, but I am of the opinion that the bankrupt knows nothing regarding the matter, and has not been personally a party to such concealment."

—And submits the question of her responsibility for the acts of her agent in this regard to the decision of the court.

It is quite obvious that the wife confided her entire business to her husband, with full confidence in his integrity and fidelity to her interests, and that the husband lost a portion of her money in speculation, and failed to indicate the same in the books kept by the concern; and it appears from the report of the learned referee that he has also concealed some of the assets. In other words, the husband has robbed the wife, and, consequently, her creditors, and it has been done without her knowledge or privity. The question is whether she should be deemed guilty of fraud by reason of this wrong which she has suffered from the person in whom she might justly repose the greatest confidence.

The present act requires that the court shall discharge the applicant unless he has "(1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained." Section 14b. Section 29b and section 29b, subd. 1, provide that "a person shall be punished by imprisonment for a period of not exceeding two years, upon conviction of the offense of having knowingly and fraudulently, (1) concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy." It will be seen that fraudulent intent is a necessary element of either offense. But fraudulent intent is a personal quality, and, although it existed in the mind of the husband, it may not, for that reason, be imputed to the wife. Constructive fraud does not exist for the

purpose of punishment, and the statute in question is penal in its nature, as it involves the forfeiture, for misconduct, of a right of discharge. The wife confided the entire business to her husband, and, it may be assumed, not only gave affairs no personal attention, but blindly allowed him to conduct the same. She cannot be deemed either to have anticipated bankruptcy, or to have been guilty of fraud in keeping her books, for the single and only reason that her husband and agent was guilty in such direction. Negligence—at least negligence of the degree here involved—is not equivalent to fraud, within the meaning of the statute. The former statue precluded the necessity of proving fraudulent intent, as the decisions cited by the creditor in this proceeding illustrate, but the phraseology of the present statute is entirely different. The statute is plain upon its face, and in express terms makes fraud an element of the offenses which may bar a discharge. Hence there is no opportunity for construction. It is considered that the discharge should be granted in case the referee shall report that the bankrupt has used all reasonable means within her power to discover to the bankruptcy court the assets which, in the opinion of the referee, have been concealed from the trustee. Pending such report, the proceedings for the discharge should be suspended, and, if desirable, the referee may order further examination of the bankrupt upon the question now left for his decision.