## In re MEYERS.

(District Court, S. D. New York. December 14, 1900.)

1. BANKRUPTCY—APPEAL—FINDINGS OF FACT.

   Under Bankr. Act 1898, a district court is not required to make findings of fact for the purposes of an appeal from its decision to the circuit court of appeals.

2. SAME—RIGHT TO DISCHARGE—FRAUD OF AGENT.

   A fraudulent concealment of assets by the husband of a bankrupt, as manager of her business, without her privity or knowledge, does not constitute ground for refusing her a discharge, nor, it seems, does the husband's failure to keep proper books of account, showing the true condition of her business.

In Bankruptcy. On motion for findings of fact.

Black, Olcott, Gruber & Bonynge, for the motion.
Stillman F. Kneeland, opposed.

BROWN, District Judge. The report of the referee in the above matter in favor of the discharge of Amelia A. Meyers having been confirmed, the opposing creditors have submitted certain statements of fact which they ask the court to find for the purposes of a hearing on appeal.

I am unwilling to introduce a precedent for such a practice, as it is not required by the act of 1898 as respects appeals from the district court to the circuit court of appeals. It would impose additional burdens upon the court, and is not ordinarily essential; since in cases of reasonable doubt, the grounds of the decision usually appear sufficiently either in the report of the referee or in the opinion or memorandum of the judge thereon.

Most of the findings which I am now asked to make are substantially the same as were stated in the opinion rendered in August, 1899 (96 Fed. 408). The subsequent testimony does not change my view of the facts, either as to the character of the failure of Meyer Bros., the transfer to Meyer Bros.' Cloak Company, or of the intentional destruction or concealment of the books of account of the latter concern. Nor considering the previous explicit testimony that no cash book was ever kept by Meyer Bros., have I any doubt that their cash book subsequently produced was intentionally withheld by Abraham and George Meyer until after the decision of the court above referred to, finding that there had been such a book; after which its concealment would be of no further benefit.

On referring again to the referee's opinion on the present application for a discharge, I find that I mistook the referee's allusion to the books of Meyer Bros.' Cloak Company as including the Meyer Bros.' cash book, as to which in fact he says nothing. My previous memorandum as respects the discharge is, therefore, hereby cor-

rected by striking out the intimation of a doubt by the referee whether there was any intentional concealment of that cash book. Upon the evidence, however, I agree with the referee that Amelia A. Meyers had no personal knowledge of any fraud or concealment of either books or assets.

I agree with the decision in the case of In re Hyman (D. C.) 97 Fed. 195, 3 Am. Bankr. R. 169, so far as respects the granting of a discharge to the wife, notwithstanding a concealment of assets by her husband in managing her business; since in order to make any concealment a bar to a discharge, the facts must constitute under section 14b (1) "an offense punishable by imprisonment"; that is, a crime, to which personal guilt is indispensable. As respects the destruction or concealment of books of account, "with fraudulent intent to conceal the true financial condition and in contemplation of bankruptcy," under subdivision b (2) of section 14, if the question were before me de novo, I should be inclined to consider, as no "offense" or penal element exists in the requirements of this subdivision, that the principal is responsible, as respects a discharge in bankruptcy, for the fraudulent conduct of the agent to whom the whole business has been committed, as in civil cases generally, where the fraud has been committed for the principal's benefit. But as that point seems to have been involved in the case last cited, and a contrary decision was then made by Judge Thomas sitting in this district, it will be followed until otherwise ruled upon appeal.

The above sufficiently indicates the ground of the discharge. Motion denied.