### In re SCHULTZ.

(District Court, S. D. New York. June 3, 1901.)

BANKRUPTCY—RIGHT TO DISCHARGE—FRAUDULENT KEEPING OF BOOKS BY PARTNER.

> If in any case fraud can be imputed to an innocent partner on account of the fraud of his co-partner or other agent, as respects the false or improper keeping of books of account, it can only be in cases where the fraudulent entries or omissions have reference to partnership transactions, so as to fall within the general scope of the partner's or agent's authority. The fraud of a partner in so keeping the firm books, of which he had sole charge, as to conceal withdrawals of money by himself from his partner as well as creditors cannot be imputed to the innocent partner, to defeat his right to a discharge in bankruptcy under Bankr. Act 1898, § 14b, cl. 2.

In Bankruptcy. On application for discharge, and objections thereto.

C. H. Payne, for the bankrupt.

Blumenstiel & Hirsch, opposed.

BROWN, District Judge. The evidence warrants the conclusion which the referee finds, that the bankrupt, Michael Schultz, Jr., was entirely innocent of the fraudulent acts of his deceased partner in keeping the firm books of account. His partner was the bookkeeper and attended entirely to the financial affairs of the firm. The bankrupt attended to the manufacturing department alone, and took no part in keeping the books and had no knowledge of his partner's irregularities. His partner for some time previous to bankruptcy had been fraudulently withdrawing money for gambling purposes, deceiving his creditors as well as his partner, failed to enter the withdrawal in the books, and made a false inventory of the

firm's assets, for the purpose of concealing his frauds. Of all that, it is quite clear that the bankrupt was wholly innocent and had no knowledge, nor is any negligence imputed to him.

The cases cited of decisions under the act of 1867, to the effect that the keeping of false or improper books by a partner, would bar the discharge of his co-partner, have no application to the present act, for the reason that under the act of 1867, the requirement to keep proper books was absolute and unconditional. Rev. St. § 5110; Bump, Bankr. 712, 726, 727; In re Newman, 2 N. B. R. 302, Fed. Cas. No. 10,175; In re George, 1 Lowell, 409, Fed. Cas. No. 5,325; Coll. Bankr. 168. Under the present act—section 14b (2)—it is necessary that the failure to keep proper books should be "with fraudulent intent to conceal the bankrupt's true financial condition and in contemplation of bankruptcy."

Where there is fraud in partnership transactions within the scope of the partnership, in which each partner acts as the agent or representative of all the co-partners, the fraud of one is usually imputed to all. See Coll. Bankr. (3d Ed.) 201. This principle was applied by the supreme court in the case of Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248, in holding a discharge insufficient to protect innocent partners from a debt fraudulently incurred by their co-partner.

If in any case fraud can be similarly imputed to an innocent partner on account of the fraud of his co-partner or other agent as respects the false or improper keeping of books of account (see In re Meyers [D. C.] 105 Fed. 353, 354) it can only be in cases where the fraudulent entries or omissions have reference to partnership transactions so as to fall within the general scope of the partner's or agent's authority.

The frauds in the bookkeeping in this case related to transactions of a wholly different character, in which the partner was defrauding his co-partner, as well as his creditors, in reference to transactions wholly outside of the partnership authority.

As the bankrupt cannot be held to be charged with any willful misconduct in regard to the books, either in fact or in law, and the other charges not being sustained, his discharge should be granted.